IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terrell T. Howard, #283888,   )<br>                                                   )<br>                            Petitioner,   )<br>                                                   )<br>   v.                                            )<br>                                                   )<br>Cecilia Reynolds, Warden,         )<br>                                                   )<br>                            Respondent.  )<br>_____) | C/A No. 5:14-4638-JMC-KDW<br><br><br><br>REPORT AND RECOMMENDATION |

Terrell T. Howard ("Petitioner") is a state prisoner who filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 9, 2014. ECF No. 1. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 21, 22. On March 17, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the Summary Judgment Motion, dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 23. On April 20, 2014, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment. ECF No. 25. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 22, be granted.

   I.   Background

   Petitioner is currently incarcerated in the Lee Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC"). ECF No. 1 at 1. In 2006, Petitioner

was indicted at the March term of the Greenville County Grand Jury for two counts of Armed Robbery (2006-GS-23-2532, 2542) and one count of Possession of a Weapon during the Commission of a Crime (2006-GS-23-2543). App. 141-43, 147-49; ECF No. 21-2 at 1-2.[1] Petitioner was indicted during the May 2006, term of the Greenville County Grand Jury for one count of Attempted Armed Robbery (2006-GS-23-4242), and one count of Armed Robbery (2006-GS-23-4243). App. 153-55, 159-61. On October 9, 2006, Petitioner pleaded guilty to all the above charges before the Honorable Stephen H. John, Jr. App. 1-37.[2] During his plea, Attorney Timothy Sullivan represented Petitioner, and Assistant Solicitor Denton Mathews appeared on behalf of the State. *Id.* Petitioner was sentenced to 18 years imprisonment for each of the armed robbery charges (2006-GS-23-2542, 4243, 2532), 18 years imprisonment for the attempted armed robbery charge (2006-GS-23-4242), and five years for the weapons charge (2006-GS-23-2543), all terms to run concurrently. *Id.* at 35. Petitioner did not directly appeal his guilty pleas or sentences. ECF No. 1 at 2.

II.     Procedural History

Petitioner filed an application for PCR on January 10, 2007, alleging the following claims:

(a) Subject Matter Jurisdiction
(b) Due Process Violation
(c) Ineffective Assistance of Counsel

App. 43.[3] The State filed a Return on February 20, 2007. *Id.* at 55-65. A hearing was held on April 18, 2007, before the Honorable Edward W. Miller. *Id.* at 69-121. Petitioner was present

---

[1] Citations to "App." refer to the Appendix for Petitioner's guilty plea transcript and first Post Conviction Relief ("PCR") Proceeding. The Appendix pages were numbered with only odd numbers. That appendix is available at ECF No. 21-1 in this habeas matter.

[2] Five other charges were dismissed as part of the plea. *See* App. 17-19.

[3] Petitioner noted that a "Petition For Review w[ould] follow," showing the facts which supported his allegations, *id.*, but no such Petition is included in the Appendix.

and represented by Attorney Caroline Horlbeck, and Assistant Attorney General Karen C. Ratigan represented the State. *See id.* Timothy Sullivan, Petitioner's plea counsel, also appeared and testified at the hearing. *Id.* at 103-11. After the hearing, the PCR court denied and dismissed Petitioner's PCR Application with prejudice on May 4, 2007, making the following findings of fact, and conclusions of law:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has had the opportunity to review the record in its entirety and has heard the testimony and arguments presented at the PCR hearing. This Court has further had the opportunity to observe each witness who testified at the hearing, and to closely pass upon their credibility. This Court has weighed the testimony accordingly.

Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003).

### Ineffective Assistance of Counsel

The Applicant alleges he received ineffective assistance of plea counsel. In a PCR action, "'[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002).

For an applicant to be granted PCR as a result of ineffective assistance of counsel, he must show both: (1) that his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective performance. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Sanchez v. State, 351 S.C. 270, 274-75, 569 S.E.2d 363, 365 (2000). When there has been a guilty plea, the applicant must prove that counsel's representation was below the standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370 (1985); Alexander v. State, 303 S.C. 539, 542, 402 S.E.2d 484, 485 (1991).

The Applicant stated he and plea counsel met three times before the plea hearing, but did not discuss the facts or evidence. The Applicant stated they did not review the witness statements and that he believes there were issues to be raised there. The Applicant stated he gave a statement to police but that it was in exchange for "a deal." The Applicant admitted he did not tell

3

plea counsel this. The Applicant also admitted that, while he knows he could have challenged the voluntariness of his statement at trial, he would have still pled guilty. The Applicant said plea counsel should have asked for a preliminary hearing. The Applicant said plea counsel should not have agreed to amend the weapon indictment (2006-GS-23-2543). The Applicant said plea counsel should have asked for the ten-year minimum sentence for armed robbery. The Applicant stated he believed he was pleading guilty in exchange for a sentence of eighteen years suspended to the service of seven years and five years probation. The Applicant stated plea counsel told him he would only serve seven years.

Plea counsel testified he and the Applicant probably met three times. Plea counsel testified he received discovery, sent a full copy to the Applicant, and then reviewed it with him. Plea counsel testified he reviewed the witness statements and the Applicant's confession. Plea counsel stated there was no reason to object to the State's motion to amend the indictment and noted the State could have dismissed the charge altogether and it would not have affected his sentence. Plea counsel stated he explained to the Applicant that the mandatory minimum for armed robbery was ten years and that the State's original plea offer was for twenty-five years. Plea counsel stated the Applicant told him he wanted to plead guilty. Plea counsel stated he did not tell the Applicant he would only serve seven years and that he could not have received a suspended sentence in this case.

Regarding the Applicant's claims of ineffective assistance of counsel, this Court finds the Applicant has failed to meet his burden of proof. This Court finds the Applicant's testimony is not credible, while also finding plea counsel's testimony is credible. This Court further finds plea counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in his representation.

The Applicant admitted to the plea judge both that he was guilty and that the facts recited by the solicitor were true. (Plea transcript, pp.6-7; p.11; p.15). The Applicant also told the plea judge that he understood the trial rights he was waiving in pleading guilty, was satisfied with counsel, and had not been coerced in any way. (Plea transcript, pp.10-12).

This Court finds the Applicant failed to meet his burden of proving plea counsel was ineffective in his preparation or representation. This Court finds plea counsel reviewed discovery materials and was prepared for the plea hearing. This Court notes the Applicant admitted he did not tell plea counsel he gave a statement because the police told him he would get "a deal." Plea counsel is not expected to be clairvoyant.
This Court finds the Applicant failed to set forth a valid reason why plea counsel should have objected to the amendment of the weapons charge indictment. This Court agrees with plea counsel's assessment that, if he had

challenged it, the charge could simply have been dismissed. This Court notes that five other charges were dismissed in consideration of this plea. (Plea transcript, p.9).

This Court finds the Applicant has failed to meet his burden of proving plea counsel in any way misadvised him about the sentence he would be serving. This Court notes the State mentioned at the plea hearing that the Applicant was pleading guilty without a recommendation and the Applicant did not object. (Plea transcript, p. 9). This Court notes the Applicant's contention that he heard the plea judge sentence him to eighteen years suspended to the service of seven years and five years probation is expressly refuted by the plea record. This Court finds, regardless, that it is impossible to receive a suspended sentence for armed robbery. See S.C. Code Ann. § 16-l 1-330(A) (2003).

Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test - that plea counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that plea counsel committed either errors or omissions in his representation of the Applicant. This Court also finds the Applicant has failed to prove the second prong of Strickland—that he was prejudiced by plea counsel's performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.

## All Other Allegations

As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order, this Court finds the Applicant failed to present any evidence regarding such allegations. Accordingly, this Court finds the Applicant waived such allegations and failed to meet his burden of proof regarding them. Therefore, they are hereby denied and dismissed.

## CONCLUSION

Based on all the foregoing, this Court finds and concludes the Applicant has not established any constitutional violations or deprivations before or during his guilty plea and sentencing proceedings. Counsel was not deficient in any manner, nor was the Applicant prejudiced by counsel's representation. Therefore, this application for PCR must be denied and dismissed with prejudice.

This Court advises the Applicant that he must file a notice of intent to appeal within thirty (30) days from the receipt of this Order if he wants to secure appropriate appellate review. His attention is also directed to Rules 203, 206, and 227 of the South Carolina Appellate Court Rules for the appropriate procedures to follow after notice of intent to appeal has been timely filed.

    **IT IS THEREFORE ORDERED:**

    1. That the application for post-conviction relief be denied and dismissed with prejudice; and
    2. That the Applicant be remanded to the custody of the Respondent.

App. 127-135.

Petitioner appealed the PCR court's decision, and on December 6, 2007, Appellate Defender Robert M. Pachak of the South Carolina Commission on Indigent Defense filed a *Johnson*[4] Petition for Writ of Certiorari on Petitioner's behalf. ECF No. 21-4. There, Petitioner presented the following issue: "Whether petitioner's guilty plea was entered knowingly and intelligently?" *Id.* at 3. Petitioner did not file a pro se response to the *Johnson* Petition. The South Carolina Court of Appeals denied the Petition for Writ of Certiorari on February 9, 2009. ECF No. 21-8. Thereafter the court issued the Remittitur on February 19, 2009. ECF No. 21-9.

Petitioner filed a second application for PCR on May 22, 2013, alleging the following claims:

(a) Subject Matter Jurisdiction
(b) Ineffective Assistance of Counsel
(c) Unreasonable Searches and Seizures

ECF No. 21-10 at 3. Petitioner alleged the following factual support:

(a) Void judgment
(b) Involuntary guilty plea
(c) Officer conduct violated clearly established Constitutional right.

*Id.* The State filed a Return on September 19, 2013. ECF No. 21-11. On September 25, 2013, the PCR Court issued a Conditional Order of Dismissal. ECF No. 21-12. Specifically, the Honorable D. Garrison Hill reviewed the record, and made the following findings:

---

[4] *See Johnson v. State*, 364 S.E.2d 201, 201 (1988).

## II.

In his current PCR application, the Applicant alleges he is being held in custody unlawfully for the following reasons:
1. Subject matter jurisdiction:
    a. "Void judgment."
2. Ineffective assistance of counsel:
    a. "Involuntary guilty plea."
3. Unreasonable searches and seizures:
    a. "Officer conduct violated clearly established constitutional right."

## III.

This Court finds this matter should be summarily dismissed because the Applicant has failed to comply with the filing procedures of the Uniform Post-Conviction Procedure Act. S.C. Code Ann. §§ 17-27-10, et. seq. (2003). Specifically, South Carolina Code Ann. § 17-27-45(a) reads as follows:

> An application for relief filed pursuant to the chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.

The Applicant pled guilty to the offenses he challenges in this application on October 9, 2006. The Applicant was therefore required to file his application before October 9, 2007. This application was filed on May 22, 2013, which was more than five (5) years and seven (7) months after the statutory filing period had expired.

A motion for summary judgment may properly be used to raise the defense of statute of limitations. See McDonnell v. Consolidated Sch. Dist. of Aiken, 315 S.C. 487, 489, 445 S.E.2d 638, 639 (1994). In addition, S.C. Code Ann. § 17-27-70(c) (2003) authorizes the Court to "grant a motion by either party for summary disposition of [an] application when it appears from the pleadings . . . that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."

## IV.

This Court further finds the current application should also be dismissed because it is successive to the previous application for post-conviction relief. Successive applications for post-conviction relief are disfavored. See Land v. State, 274 S.C. 243, 246, 262 S.E.2d 735, 737 (1980). South Carolina Code Ann. § 17-27-90 (2003) states:

7

> All grounds for relief available under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended application.
>
> Under this statute, successive post-conviction relief applications are forbidden unless an applicant can point to a "sufficient reason" why new grounds for relief were not raised or were not properly raised in previous applications. <u>Alice v. State</u>, 305 S.C. 448, 450, 409 S.E.2d 392, 394 (1991). Any new ground raised in a subsequent application is limited to those grounds that "<u>could not have been raised</u> . . . in the previous application." <u>Id.</u> (emphasis in original). If the Applicant could have raised these allegations in a previous application, then the Applicant may not raise those grounds in successive applications. <u>Id.</u> The Applicant bears the burden of showing that the allegations could not have been raised previously. <u>Id.</u>
>
> As the Applicant has failed to present any reasons why he could not have raised the current allegations in his previous post-conviction relief application, the application is dismissed.

ECF No. 21-12 at 2-4. The PCR court noted its intent to dismiss the matter unless Petitioner advised the court within 20 days of service of specific reasons why it should not dismiss. *Id.* at 4. Petitioner filed an Objection to Why Conditional Order Should not become Final on October 23, 2013. ECF 21-14. The Conditional Order was served on Petitioner personally on November 6, 2013. ECF No. 21-13. The PCR court issued a Final Order of Dismissal on January 21, 2014. Specifically, the Honorable Letitia H. Verdin made the following findings:

> In a document captioned "Objection To Why Conditional Order Should Not Become Final" and filed October 23, 2013, the Applicant argues there is a genuine issue of material fact in his case because of his allegation of ineffective assistance of plea counsel and involuntary guilty plea. The Applicant argues his PCR attorney in his first PCR action did not properly discuss the plea process with him and review "the whole motion of discovery." The Applicant argues the issue of subject matter jurisdiction –

with an allegation of "void judgment"- was not raised at his first PCR hearing. The Applicant argued this void judgment occurred because the arrest warrants were not "sign[ed] and sealed before a judge." The Applicant argues "[o]fficer conduct clearly violated established constitutional right under the Fourth Amendment" because the officer did not have a warrant or probable cause to search the vehicle.

This Court has reviewed the Applicant's response to the Conditional Order of Dismissal in its entirety, in conjunction with the original pleadings, and finds a sufficient reason has not been shown why the Conditional Order of Dismissal should not become final.

This Court notes the Applicant pled guilty and was sentenced on October 9, 2006. As this action was filed on May 22, 2013, it was clearly filed outside the expiration of the statute of limitations. See S.C. Code Ann. § 17-27-45(a) (Supp. 2003). This is the Applicant's second application for post-conviction relief. This Court notes successive PCR applications are disfavored. See Land v. State, 274 S.C. 243, 246, 262 S.E.2d 735, 737 (1980). This Court finds the Applicant had the opportunity to litigate all issues related to his case at the evidentiary hearing for his first PCR application on April 18, 2007. See Odom v. State, 337 S.C. 256, 261, 523 S.E.2d 753, 755 (1999) ("[A]n applicant is entitled to a full adjudication on the merits of the original petition, or 'one bite at the apple.'").

This Court finds the Applicant's claim that the plea court lacked subject matter jurisdiction is without merit. Indictments are not jurisdictional in nature, they are merely notice documents. State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005). This Court finds the indictment were true-billed and clearly adequate to provide notice of the charges the Applicant was facing.

This Court finds the Applicant could have raised any issues related to a purported constitutional violation regarding search and seizure at his first PCR hearing. . . . See Odom v. State, 337 S.C. at 261, 523 S.E.2d at 755.

**IT IS THEREFORE ORDERED** that, for the reasons set forth in this Court's Conditional Order of Dismissal, the PCR application is hereby denied and dismissed with prejudice.

This Court advises the Applicant that he must file a notice of intent to appeal within thirty (30) days from the receipt of this Order if he wants to secure appropriate appellate review. His attention is also directed to Rules 203, 206, and 243 of the South Carolina Appellate Court Rules for the appropriate procedures to follow after notice of intent to appeal has been timely filed.

ECF No. 21-15 at 1-3. Petitioner filed a Notice of Appeal dated February 27, 2014. ECF No. 21-16. The South Carolina Supreme Court sent Petitioner a letter dated March 21, 2014, requiring Petitioner to show within 20 days why, under Rule 243(c) of the South Carolina Appellate Court Rules, the determination of the PCR court that Petitioner's claims were barred as successive and/or untimely was improper, ECF No. 21-17, and Petitioner filed an explanation, ECF No. 21-18. The Supreme Court found that "[i]n the explanation required by Rule 243(c) of the South Carolina Appellate Court Rules (SCACR), [P]etitioner has failed to show that there is an arguable basis for asserting that the determination by the lower court was improper. Accordingly, this matter is dismissed." ECF No. 21-19. The Supreme Court issued a remittitur on May 1, 2014. ECF No. 21-20.

### III.   Discussion

#### A.  Federal Habeas Issues

Petitioner raises the following issues in his Federal Petition for a Writ of Habeas Corpus, quoted verbatim:

> GROUND ONE: Lack of subject matter jurisdiction: A. Void judgment.
>
> Supporting Facts: Stating that the arrest warrants was never sign and sealed before a judge of whom it should have been executed and return within ten day's after it was dated as provided by statute. The process and service where not in accordance with South Carolina Rules of Civil Procedure.
>
> GROUND TWO: Ineffective Assistance of Counsel: Involuntary guilty plea.
>
> Supporting Facts: Stating that it was not properly raised in the previous post-conviction relief hearing. Where Attorney did not properly discuss the plea process. Concerning the plea process and the plea offer from the state. Charge's where missing out of the plea that should have been included within the plea offer from the state.
>
> GROUND THREE: Unreasonable searches and seizures: Officer conduct violated clearly established constitutional right.

> Supporting Facts: The officer didn't have a warrant or probable cause to stop the vechile. That the description given by the victim as noted in Greenville County Forensics Report was'nt the same description of the vechile the officer stop. On the arrest request you will see the description of the vechile the officer stoped.
>
> GROUND FOUR: Violation of Due Process.
>
> Supporting Facts: Counsel did not inform me that I had a right to an appeal before or after court. Counsel never fully informed me about all of my constitutional right's before taking the plea. If counsel had informed me of those right's I would had a better chance of not taking the plea. This is what violated my right's.

ECF No. 1 at 5-10.

### A. Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-

moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.  Habeas Corpus Statute of Limitations

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Further, the AEDPA provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims

presented could have been discovered through the exercise of due diligence. 28 U.S.C.A. § 2244(d)(1)(A)-(D). The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

IV. Analysis

A. Timeliness of Petitioner's Application

Respondent argues that Petitioner's habeas petition should be dismissed because it is not timely. ECF No. 21 at 20-24. As stated above, the AEDPA provides that "[a] 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court." 28 U.S.C. § 2244(d)(1). The time limit begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The United States Supreme Court recently interpreted the two prongs of 28 U.S.C. § 2244(d)(1)(A) as follows:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).

Here, it is undisputed that Petitioner did not appeal his conviction and sentence. Accordingly, the AEDPA's one-year statute of limitations began running when his state convictions became final. *See Gonzalez*, 132 S. Ct. at 654 (finding a Petitioner's conviction and sentence become "final" when his "time for seeking review with the State's highest court expire[s]."). Here, Petitioner had ten days to timely file a notice of appeal from his conviction and sentence. *See* Rule 203 (b)(2), SCACR ("After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Therefore, Petitioner's conviction and sentence became final on October 20, 2006, or ten days after his guilty plea and sentencing on October 9, 2006. Pursuant to *Gonzalez*, the statute of limitations began running on October 20, 2006. Petitioner subsequently filed his first PCR application on January 10, 2007. App. 39-53. As noted by Respondent, as of January 10, 2007, eighty-two (82) days had elapsed on the one-year AEDPA statute of limitations period. ECF No. 21 at 21. As of January 10, 2007, Petitioner thus had 283 days remaining in his one year AEDPA statute of limitations to file a federal habeas petition, as noted by Respondent. *Id.* The statute of limitations was tolled until February 20, 2009, when the South Carolina Court of Appeals issued its remittitur after denying Petitioner's *Johnson* Petition for Writ of Certiorari. ECF No. 21-9. The remaining 283 days of Petitioner's AEDPA one-year limitations period expired on November 30, 2009.[5] Petitioner filed the instant federal habeas petition on December 9, 2014. ECF No. 1. December 9, 2014 was 1849 days, or more than five years after the AEDPA statute of limitations had run. Therefore, Petitioner's habeas Petition is untimely and must be dismissed. 28 U.S.C. § 2244(d).

---

[5] Petitioner filed his second PCR application in 2013. ECF No. 21-10.

B. The Statute of Limitations Should Not Be Equitably Tolled

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where— due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330. The respondent bears the burden of asserting the AEDPA's statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). The petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable-tolling doctrine. *Rouse*, 339 F.3d at 246.

In 2010, the United States Supreme Court considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005) (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled

15

for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418)).

In his Response to Respondent's Summary Judgment Motion, Petitioner concedes that his habeas Petition is not timely. ECF No. 25 at 13-15. Petitioner, however, argues that the statute of limitations should be equitably tolled. *Id.* at 14-15. Petitioner argues in support of equitable tolling that (1) when the time to file a federal habeas Petition ran on November 30, 2009, Petitioner was in a dorm on lock-down, and (2) the court in *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), ruled that the AEDPA statute of limitations could be tolled. *Id.* at 14-15.

The undersigned finds that Petitioner has not presented evidence of an extraordinary circumstance that was beyond his control that prevented him from filing a timely habeas petition. Therefore, Petitioner has failed to satisfy his burden of demonstrating entitlement to equitable tolling. Even if Petitioner was in a prison dorm on lock-down at the time the AEDPA statute of limitations ran out in November of 2009, he allowed more than five years to pass after the statute of limitations ran before filing his federal habeas petition. Even if Petitioner's lock-down were an extraordinary circumstance, it did not prevent his filing for habeas relief for more than five years beyond the end of the AEDPA statute of limitations. The *McQuiggin* Court held that the AEDPA statute of limitations could be tolled if there was a showing of actual innocence. 133 S. Ct. at 1928. The Court "caution[ed], however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold

requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Here, Petitioner suggests that new evidence regarding the victim's statement and Petitioner's confession, which he would have to develop if the court grants his habeas Petition, "could have been a defense at trial." ECF No. 25 at 22. In citing *McQuiggin*, Petitioner further suggests he has a claim of innocence.

Petitioner's innocence claim, however, does not meet the high level threshold established in *McQuiggin* and *Schlup*. This is particularly so in light of the fact that Petitioner admitted that he committed the crimes with which he was charged. ECF No. 21-1 at 11-15. Further, Petitioner would have to show "factual innocence, not mere legal insufficiency" to have a claim of actual innocence. *Bousely v. U.S.*, 523 U.S. 614, 623 (1998). Given that Petitioner cannot meet the level of proof required for a claim of actual innocence, he cannot avail himself of the equitable tolling allowed under *McQuiggin*. For these reasons, equitable tolling of the statute of limitations is not merited, the Petition was not timely filed, and it is thus barred by Section 2244(d)(1). Because Petitioner's federal habeas Petition is untimely, and the circumstances do not warrant equitable tolling, it is recommended that Respondent's Motion for Summary Judgment be granted.[6]

---

[6] Because the court finds that the statute of limitations bars Petitioner's § 2254 Petition, it is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

V.	Conclusion and Recommendation

Wherefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 22, be GRANTED, and the Petition, ECF No. 1, be DISMISSED WITH PREJUDICE.

IT IS SO RECOMMENDED.

August 14, 2015	Kaymani D. West
Florence, South Carolina	United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**