IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Terrell T. Howard, | ) | |
| | ) | Civil Action No. 5:14-cv-04638-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, Lee Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding *pro se*, brought this action seeking relief pursuant to 28 U.S.C. § 2254. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 27), filed on June 3, 2015, recommending that Respondent's Motion for Summary Judgment (ECF No. 22) be granted and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) be dismissed with prejudice. For the reasons set forth below, the court **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 22) and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) with prejudice.

## I. JURISDICTION

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which provides that a federal district court has jurisdiction to entertain a § 2254 petition when the petitioner is in custody of a state court in violation of the Constitution, laws, or treaties of the United States.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Report contains a thorough recitation of the relevant factual and procedural background of the matter. (*See* ECF No. 27 at 1–10.) The court concludes upon its own careful review of the record that the Report's factual and procedural summation is accurate, and the court adopts this summary as its own.

1

### III. LEGAL STANDARD

*A. The Magistrate Judge's Report and Recommendation*

The Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The court reviews de novo only those portions of a Magistrate Judge's recommendation to which specific objections are filed. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). She reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Id.* The court may accept, reject, or modify—in whole or in part—the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

*B. Standard for Summary Judgment*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the non-moving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts"

demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

   C. *Habeas Corpus Statute of Limitations*

28 U.S.C. § 2254(d), as amended, governs review of Petitioner's claim since he filed it after the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") went into effect. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). AEDPA explicitly states that a one-year statute of limitations period applies to habeas applications from persons in custody "pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute clarifies that the limitation period shall run from the latest of:

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D). Finally, AEDPA makes clear that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the

3

pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

### D. Equitable Tolling

AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). However, the statute of limitations will be tolled under AEDPA only under very limited circumstances. The Court of Appeals for the Fourth Circuit has stated that equitable tolling of the AEDPA's statute of limitations is allowed if a Petitioner presents "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). The circumstances under which the equitable tolling of the statute of limitations are rare:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . We believe . . . that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. The United States Supreme Court also has more recently stated that AEDPA's statute of limitations is subject to equitable tolling "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.

*Holland v. Florida*, 560 U.S. 631, 649 (2010). The Fourth Circuit has indicated that only after a respondent fulfills its burden of asserting AEDPA's statute of limitations, *see Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002), must the petitioner bear the burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable-tolling doctrine. *Rouse*, 339 F.3d at 246.

## IV. ANALYSIS

*A. Report and Recommendation Summary*

In her Report, the Magistrate Judge explained that since Petitioner did not appeal his state conviction and sentence, his one-year statute of limitations began running when his state convictions became final, as AEDPA provides. (ECF No. 27 at 14 (citing *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54).) In ultimately determining Petitioner's habeas Petition was untimely, the Magistrate Judge explained in relevant part:

> Here, Petitioner had ten days to timely file a notice of appeal from his conviction and sentence. *See* Rule 203 (b)(2), SCACR ("After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Therefore, Petitioner's conviction and sentence became final on October 20, 2006, or ten days after his guilty plea and sentencing on October 9, 2006. Pursuant to *Gonzalez*, the statute of limitations began running on October 20, 2006. Petitioner subsequently filed his first PCR application on January 10, 2007. App. 39-53. . . . [A]s of January 10, 2007, eighty-two (82) days had elapsed on the one-year AEDPA statute of limitations period. ECF No. 21 at 21. As of January 10, 2007, Petitioner thus had 283 days remaining in his one year AEDPA statute of limitations to file a federal habeas petition, as noted by Respondent. *Id.* The statute of limitations was tolled until February 20, 2009, when the South Carolina Court of Appeals issued its remittitur after denying Petitioner's *Johnson* Petition for Writ of Certiorari. ECF No. 21-9. The remaining 283 days of Petitioner's AEDPA one-year limitations period expired on November 30, 2009.[5] Petitioner filed the instant federal habeas petition on December 9, 2014. ECF No. 1. December 9, 2014 was 1849 days, or more than five years after the AEDPA statute of limitations had run.

*Id.* The Magistrate Judge further found that Petitioner had failed to present any evidence of an extraordinary circumstance such that the statute of limitations should be equitably tolled. (*Id.* at 16.) This was especially in light of the fact that Petitioner waited more than five years after his statute of limitations had run under AEDPA to file for habeas relief. (*Id.*)

Finally, the Magistrate Judge addressed Petitioner's claim that the statute of limitations should be equitably tolled under the more recent U.S. Supreme Court decision, *McQuiggin v.*

5

*Perkins*, 133 S. Ct. 1924 (2013). (*Id.*) The Magistrate Judge explained that though the *McQuiggin* court ruled that a showing of "actual innocence" could toll the AEDPA statute of limitations, such a showing was a "high level threshold." (*Id.* at 16–17.) The Magistrate Judge explained that Petitioner's attempt to demonstrate this showing was inadequate and that *McQuiggin* therefore was of no aid to Petitioner in his untimely filing of his habeas claim. (*Id.* at 17.)

Because the Magistrate Judge found that AEDPA's statute of limitations requirement barred Petitioner's habeas claim, the Report does not address the merits of his claim. (ECF No. 17, n.6 (citing *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995).)

  B. *The Court's Review of Petitioner's Objections*

First, Petitioner already has conceded that his habeas claim was untimely filed under AEDPA because he filed his claim after the statute of limitations period. (*See* ECF No. 25 at 13–15.) Petitioner nonetheless objects to the ruling of the Report, stating that the statute of limitations, as applied to him, should be equitably tolled in light of the respective Fourth Circuit and U.S. Supreme Court rulings of *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000), *Holland v. Florida*, 560 U.S. 631, 649 (2010), *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), discussed *supra*. (ECF No. 29 at 2–4.)

Petitioner first argues that like the petitioner in *McQuiggin*, he filed his first habeas corpus application "after a number of year's [sic] of his conviction" and that he did so "through due diligence even up till now." (*Id.* at 3.) Therefore, he argues, AEDPA's statute of limitations should be equitably tolled for him. (*Id.* at 2–3.) But despite whatever similarities there may be between the party in *McQuiggin* and Petitioner in this case at first glance, Petitioner's innocence

claim[1] still falls short of the high hurdle *McQuiggin* establishes for such claims to justify equitable tolling of AEDPA's statute of limitations. *See McQuiggin*, 133 S. Ct. at 1928 (cautioning that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'") (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  The Magistrate Judge recognized as much. (ECF No. 27 at 17.)  This objection therefore fails.

Secondly, Petitioner argues that the reason he did not present evidence of an extraordinary circumstance, as required under *Holland v. Florida*, 560 U.S. 631, 649 (2010), is because "it would have been very hard to get copy's [sic] of documentation in the log-book for the Dorm petitioner was housed in for the year 2009-10." (*Id.* at 4.)  Petitioner further explains that he "thought it would have been easyer [sic] for the court to obtain such information if needed it due to prisoner's limited information search." (*Id.*)  Petitioner's explanations regarding how his difficulty uncovering evidence warrants a finding of extraordinary circumstances simply are unavailing.  This is particularly in light of the fact that Petitioner waited more than five years after his statute of limitations had run under AEDPA to file for habeas relief, that which the Magistrate Judge also observed.  (*See* ECF No. 27 art 14.)

In sum, then, Petitioner did not timely file his Petition, and his claim for equitable tolling of the statute of limitations is without merit.  Thus, his claim is barred by § 2244(d)(1).

---

[1] Petitioner originally argued in response to Respondent's Motion for Summary Judgment that new evidence regarding the victim's statement and Petitioner's confession—which, as the Magistrate Judge correctly notes, (ECF No. 27 at 17), he would have to develop if the court grants his habeas Petition—"could have been a defense at trial." (ECF No. 25 at 22.)

## V. CONCLUSION

For the reasons stated herein, the court **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 22) and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) with prejudice.

### CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 14, 2015
Columbia, South Carolina